UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ALIEVA DOMINGUEZ-NAPOLES, | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-00223 |
| GABRIEL MARTINEZ, *et al.*, | § § § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Maria Alieva Dominguez-Napoles, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1.

After the Court ordered an Answer in this case, but before the Respondents answered, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who lacks lawful status and entered the United States without inspection. Doc. No. 1 at 3. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that she has been erroneously categorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by *Buenrostro-Mendez, supra*. Likewise, her arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected by the Fifth Circuit in *Buenrostro-Mendez*. See *Maldonado Bautista*, 2025 WL 3713987, at *8-12.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.
2. This case is **DISMISSED without prejudice**.
3. All other pending motions, if any, are **DENIED as MOOT**.

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

Signed: February 20, 2026

_____
Andrew S. Hanen
United States District Judge